UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JCDECAUX AIRPORT, INC., and MIAMI
AIRPORT CONCESSION LLC,

               Plaintiffs,


        - against -                            **MEMORANDUM AND ORDER**

                                              16 Civ. 5067 (NRB)

TOM SAWYER PRODUCTIONS, INC.
d/b/a TOM SAWYER COMPANY,
INTERACTIVE AIRPORT ADVERTISING,
LLC, and CAROLYN SAWYER,

               Defendants.
------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    This action was brought by plaintiffs to recover $672,196.26 from defendants for their failure to remit the proceeds from the sale of display spaces in some airports.  This opinion addresses plaintiffs' application for attorneys' fees as provided for in the contractual agreements between the parties.  Plaintiffs seek $385,498.50 in attorneys' fees.  For the following reasons, plaintiffs' motion is granted in part.


## I.    BACKGROUND

A.    **History of This Case**

    The Court already detailed the background of this case in its Memorandum and Order of February 11, 2020 ("February 11 Order"), in which the Court granted in part and denied in part plaintiffs'

motion for sanctions.  See ECF No. 71.  The Court assumes familiarity with that decision and states here only those facts necessary to resolve this motion.

In the February 11 Order, based on the documented history of defendants' failure to satisfy their discovery obligations, the Court dismissed defendants' counterclaims; issued a preclusion order; and granted plaintiffs an award of attorneys' fees in the sum of $12,500 as sanctions.  Id.  The Court also ordered defendant Sawyer to appear for a deposition by a date certain.  Id. at 18-19.  Although the Court denied the plaintiffs' motion to the extent it was seeking the entry of a default judgment, id. at 10-18, at the conclusion of the February 11 Order, the Court warned defendants and their counsel of the "severe consequences that any failure to fully comply with the directions in [the February 11 Order] would bring."  Id. at 21.

The parties subsequently reported that Sawyer would appear for her deposition on February 28, 2020.  See ECF No. 72.  However, Sawyer did not show up.  See ECF No. 74-5.  Only after multiple attempts by the plaintiffs' counsel to reach defense counsel to confirm the status of deposition, defense counsel finally announced about an hour after the scheduled time of Sawyer's deposition that Sawyer would not appear for a deposition because "[defendants] are in the process of filing a bankruptcy petition."  Id.  By a letter dated March 2, 2020, plaintiffs' counsel informed

2

the Court of Sawyer's failure to appear for her deposition on the agreed-upon date.  See ECF No. 74.  On March 13, 2020, the Chambers solicited an update as to the status of purported bankruptcy filings by defendants, and, in response, the plaintiffs' counsel informed the Court by a letter that plaintiffs could not find any record of a bankruptcy filing by any of the defendants.  See ECF No. 75.  In the same letter, the plaintiffs' counsel also informed the Court that defendants had failed to pay the attorneys' fees award by the date set forth in the February 11 Order.  Id.  Faced with multiple failures to comply with the February 11 Order, on March 16, 2020, the Court issued an order, directing defendants to show cause "why a default judgment should not be entered for plaintiffs on all claims asserted in their amended complaint." See ECF No. 76.  Defendants requested an extension of time to respond to the Order to Show Cause, see ECF No. 77, which was denied.[1]  Defendants never submitted any response to the Court's Order to Show Cause.  Thus, on March 23, 2020, the Court issued a Memorandum and Order, granting plaintiffs a default judgment

---

[1]    Defendants' request for an extension was again predicated on the allegedly imminent bankruptcy filing.  See ECF No. 77.  The Court denied the request on the ground that no further delay in this case was warranted, particularly in light of the fact that defendants were in violation of the Court's order regarding Sawyer's deposition since February 28, 2020, having cited the exact same reason.  Based on our independent review of the electronic record of the United States Bankruptcy Court for the District of Southern Carolina, which was the proffered venue for defendants' bankruptcy filing, it appears that none of the defendants even now has filed a bankruptcy petition as reported by plaintiffs in the letter of July 1, 2020, see ECF No. 93, and based on our search.

against all defendants, which the Clerk of Court entered on March 25, 2020.  See ECF Nos. 78 & 79.

B.    **Current Motion for Attorneys' Fees**

Plaintiffs filed this motion for attorneys' fees on April 22, 2020.  See ECF No. 82.  Pursuant to the Local Civil Rule 6.1(b), defendants' opposition was due on May 6, 2020.  None was filed. However, on May 14, 2020, consistent with their conduct throughout the tenure of this case, defendants submitted a belated request for an extension of time until May 25, 2020 to respond to plaintiffs' motion, which the Court granted.  See ECF Nos. 88, 89. Once again, defendants missed this deadline and, on June 1, 2020, filed another out-of-time request for extension until June 15, 2020.  See ECF No. 91.  In consideration of the personal reason cited in making that request, the Court granted another extension. See ECF No. 92.  However, no opposition has ever been filed.


## II.   DISCUSSION

A.    **Legal Standards**

This Court has jurisdiction over this case based on the diversity of citizenship.  "The awarding of attorneys' fees in diversity cases . . . is governed by state law."  Grand Union Co. v. Cord Meyer Dev. Co., 761 F.2d 141, 147 (2d Cir. 1985).  The agreements between the parties, on which plaintiffs seek to recover attorneys' fees, contain a provision designating New York law as

4

the governing law.  See Am. Compl., Ex. A (ECF No. 20-1) at 3;

id., Ex. H (ECF No. 20-8) at 5.  Accordingly, the Court applies

New York law in resolving this motion.

"Under New York law, a contract that provides for an award of

reasonable attorneys' fees to the prevailing party in an action to

enforce the contract is enforceable if the contractual language is

sufficiently clear."  NetJets Aviation, Inc. v. LHC Commc'ns, LLC,

537 F.3d 168, 175 (2d Cir. 2008).  "[A] reasonable attorney's fee

is commonly understood to be a fee which represents the reasonable

value of the services rendered."  Diaz v. Audi of Am., Inc., 57

A.D.3d 828, 830 (N.Y. App. Div. 2nd Dept. 2008).  "[F]actors to be

considered [in determining the amount of reasonable attorneys'

fees] include:

> (1) the time and labor required, the difficulty of
> the questions involved, and the skill required to
> handle the problems presented; (2) the lawyer's
> experience, ability, and reputation; (3) the amount
> involved and benefit resulting to the client from
> the services; (4) the customary fee charged for
> similar services; (5) the contingency or certainty
> of compensation; (6) the results obtained; and (7)
> the responsibility involved.

Id.  In resolving an application for attorneys' fees, "it may be

necessary to look beyond the actual fee arrangement between

plaintiff and counsel to determine whether that arrangement was

reasonable, or whether it was grossly disproportionate to the

arrangement the plaintiff would have been expected to make with

counsel in the absence of a fee-shifting agreement." F.H.Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987).

"An award of reasonable attorneys' fees is a matter within the sound discretion of the court," based upon the relevant factors. SO/Bluestar, LLC v. Canarsie Hotel Corp., 825 N.Y.S.2d 80, 82 (N.Y. App. Div. 2nd Dept. 2006). The movants must provide "sufficient affidavit of services, detailing the hours reasonably expended and the prevailing hourly rate for similar legal work in the community." Id.

B.   **Analysis**

1.   Plaintiffs' Entitlement to Attorneys' Fees

Section 13 of the subcontract agreement between plaintiff JCDecaux and defendant Tom Sawyer Productions provides: "The parties acknowledge and agree that the prevailing party in any dispute will have the right to recover reasonable attorneys' fees." See Am. Compl., Ex. A (ECF No. 20-1) at 3; id., Ex. H (ECF No. 20-8) at 6. The services subcontract agreement between plaintiff Miami Airport Concession and defendant Tom Sawyer Company contains an identical provision. See Am. Compl., Ex. E (ECF No. 20-5) at 3. The fee-shifting provisions in those agreements are sufficiently clear. Accordingly, plaintiffs have a contractual right to recover reasonable attorneys' fees, and the Court "not only may but must award those fees." Tomato Mgmt., Corp. v. CM

6

Produce LLC, No. 14 Civ. 3522 (JPO), 2014 WL 2893368, at *2
(S.D.N.Y. Jun. 26, 2014) (emphasis in original).[2]

        2.     <u>Amount of Reasonable Attorneys' Fees to be Awarded</u>

In this application, plaintiffs seek to recover $385,498.50[3]
in attorneys' fees. <u>See</u> Chattoraj Decl. (ECF No. 83) ¶ 44.
Plaintiffs have submitted copies of the invoices that plaintiffs'
counsel has issued to plaintiffs in connection with this lawsuit
(ECF No. 83-1); a declaration detailing the background and
experiences of attorneys who represented plaintiffs in this case
(ECF No. 83); and a memorandum of law that contains caselaw in
support of this application (ECF No. 84).  Plaintiffs' counsel
certifies in his declaration that plaintiffs paid in full the
amounts reflected in all of the invoices except for the last two
and that plaintiffs communicated their intent to pay in full the
amounts reflected in those last two invoices as well.  <u>See</u>
Chattoraj Decl. ¶ 47.

Having reviewed the materials submitted by plaintiffs, we
conclude that the hourly rates charged by the plaintiffs' counsel

---

[2]     Although defendants Interactive Airport Advertising, LLC and
Carolyn Sawyer were not parties to those agreements, plaintiffs alleged in the
amended complaint that they were alter egos of defendant Tom Sawyer Company,
and the Court granted default judgment on the alter ego claims as well. <u>See</u>
Memoranda and Orders of February 11, 2020 and March 23, 2020 (ECF Nos. 71 &
78).  Accordingly, defendants Interactive Airport Advertising, LLC and Carolyn
Sawyer may be held liable for the attorneys' fees to be awarded here as alter
egos of Tom Sawyer Company.

[3]     This amount reflects the total amount of attorneys' fees billed by
the plaintiffs' counsel in connection with this action, excluding $12,500 that
was previously granted by the Court in attorneys' fees as a sanction. <u>See</u> ECF
No. 71.

are reasonable.   Partha Chattoraj, a partner at Allegaert Berger

& Vogel LLP ("ABV") with more than 20 years of experience who

served as the lead counsel for the plaintiffs, charged $500 to

$595 for each hour of service.  More senior partners at ABV charged

$625; associates at ABV charged $300 to $325; and non-legal staff

members at ABV charged $145 to $175 for each hour of their

respective services.  As the cases cited by plaintiffs in their

memorandum of law demonstrate, these rates do not significantly

diverge from the prevailing rates for similar legal work in this

District.   See Pls.' Mem. of Law (ECF No. 84) at 4-5; see also

Grant v. Schwartz, No. 15 Civ. 8779 (KMW), 2019 WL 624603, at *5-

6 (S.D.N.Y. Feb. 14, 2019) (reducing hourly rates for a partner to

$600, for a counsel to $400 and for a law clerk to $200 in a case

concerning "simple, straightforward breach of contract claims").

Further, defendants have not filed any opposition to this

application despite that the Court granted two untimely requests

for an extension.  See ECF Nos. 89 & 92.  Under the circumstances,

there is no basis to infer any irregularity in the billing records

submitted by plaintiffs.

However, this conclusion does not end our inquiry as to the

amount of reasonable attorneys' fees to be awarded here.  As

discussed above, a reasonable attorneys' fee represents "the

reasonable value of the services rendered," and the factors to be

considered in determining such an amount include: the difficulty

of the questions involved; the amount involved; the customary fee
charged for similar services; the contingency or certainty of
compensation; the results obtained; and the responsibility
involved.  See supra at 5.  From the outset of this case, the
parties' dispute has focused on the alter ego claims against
defendant Sawyer, as defendants did not appear to seriously contest
that defendant Tom Sawyer Company breached the agreements at issue.
Plaintiffs' emphasis on the alter ego claims derived from the
concern that Tom Sawyer Company would be unable to satisfy any
judgment against it at the conclusion of this lawsuit.  Simply
put, this case has proceeded in a manner analogous to a collection
proceeding.  Moreover, there has been no substantive motion
practice other than a motion for sanctions, which happened only
after this case had proceeded for years without much progress, and
the case was eventually disposed through the entry of a default
judgment as a sanction.

In light of the nature and history of this action, the total
amount of fees that plaintiffs seek to recover in this application
is troublesome to the Court.  Whatever may be the reasons a client
may be willing to pay counsel a certain amount in fees, the
reasonableness in a fee-shifting application is an objective
standard and is "not dictated by a particular client's subjective
desires or tolerance for spending."  Thor 725 8th Avenue LLC v.
Goonetilleke, No. 14 Civ. 4968 (PAE), 2015 WL 8784211, at *10

(S.D.N.Y. Dec. 15, 2015).  Hence, we conclude that it is appropriate to import as a benchmark in resolving this application the customary contingency fee arrangement providing one-third of the total recovery as the appropriate fees.  Having considered the benchmark amount and all other relevant factors, the Court concludes that an award of $224,065.42, which represents one-third of the amount of judgment entered for plaintiffs, is appropriate here.  Given the type of case and its litigation history, no further adjustment is warranted.

### 3.   Recovery of Non-Taxable Costs

By letter dated July 1, 2020, plaintiffs made an application for a recovery of non-taxable costs in the amount of $1,003.80, which is composed of $199.80 in transcript fee for the July 15, 2019 conference and $804.00 in the fees associated with the deposition of Sawyer, which never took place due to Sawyer's failure to appear.  See ECF No. 93.  This time again, defendants have not submitted an opposition, or even any response, to this request.

Plaintiffs cite the agreements between plaintiffs and defendant Tom Sawyer Company as the basis for recovering the requested non-taxable costs.  However, the provisions cited by plaintiffs only specify a "right to recover reasonable attorneys' fees" and do not mention the expenses incurred in connection with

disputes between the parties.  Accordingly, plaintiffs does not have a contractual right to recover those costs.

Given the absence of a contractual right to recover non-taxable costs, plaintiffs may recover only taxable cost items. Accordingly, the Court denies plaintiffs' request for non-taxable costs and affirms the decision by the Clerk of Court.  As to the transcript fee for the July 15, 2019 conference, Local Civil Rule 54.1(c)(1) provides that, except for trial transcripts, "[t]he cost of a transcript of Court proceedings prior to or subsequent to trial is taxable only when authorized in advance or ordered by the Court."  There is no record of authorization in advance or order by the Court with respect to the transcript of July 15, 2019 conference.  Therefore, the requested transcript fee is not a taxable cost.  That the transcript was eventually used in this case alone does not warrant a different outcome.  See Burchette v. Abercrombie & Fitch Stores, Inc., No. 08 Civ. 8786 (RMB)(THK), 2010 WL 3720834, at *6 (S.D.N.Y. Sept. 2010).

The expenses incurred in connection with the Sawyer deposition are likewise not taxable.  Local Civil Rule 54.1(c)(2) provides that, unless the deposition was used or received in evidence at the trial, "[c]osts for depositions are . . . taxable [only] if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion."  As conceded by plaintiffs, Sawyer deposition never took place and

therefore does not qualify as a taxable cost under Local Civil Rule 54.1(c)(2).


## III.   <u>CONCLUSION</u>

For the foregoing reasons, the Court grants plaintiffs an additional award of $224,065.42 in attorneys' fees.  The Clerk of Court is respectfully directed to amend the judgment entered in this case to reflect this award.   This Memorandum and Order resolves ECF Docket Entry No. 82.

**SO ORDERED.**


Dated:    New York, New York
          July 22, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE